The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JEFFERY S. MARTIN,<br><br>                    Plaintiff,<br><br>          v.<br><br>PIERCE COUNTY, a Washington political subdivision; PIERCE COUNTY DOE CORRECTION OFFICERS 1-10, in their individual and official capacities; NAPHCARE, INC., an Alabama corporation doing business in the State of Washington; MIGUEL BALDERRAMA, M.D., in his official and individual capacity; JANEL FRENCH LPN, in her official and individual capacity; IRINA HUGHES, in her official and individual capacity; and NAPHCARE DOE EMPLOYEES 1-10, in their individual and official capacities;<br><br>                    Defendants. | NO.  3:20-cv-05709-BHS<br><br>FIRST AMENDED COMPLAINT |

COMES NOW, the plaintiff JEFFERY S. MARTIN (hereafter referred to as "Mr. Martin" or "Plaintiff"), by and through his counsel Bardi D. Martin, of Boyle Martin Thoeny, PLLC, and makes the following complaint against defendants (hereafter referred to collectively as "Defendants"), each of them, jointly and severally, upon information and belief, and respectfully alleges:

FIRST AMENDED COMPLAINT - 1

BOYLE MARTIN THOENY, PLLC<br>100 WEST HARRISON ST, SOUTH TOWER SUITE 420<br>SEATTLE, WASHINGTON 98119<br>TELEPHONE: 206.753.0152<br>FACSIMILE: 206.260.8980

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

## I.  INTRODUCTION

1.  This is a civil rights action under 42 U.S.C. § 1983 resulting from events that occurred during the detention of Jeffrey S. Martin in the Pierce County Detention and Corrections Center in Tacoma, Washington.  Defendants repeatedly denied adequate medical care to Plaintiff with deliberate indifference to his serious medical needs, in violation of his rights under the Eighth Amendment to the United States Constitution.  The denial of adequate medical care was the result of Defendants Pierce County and Naphcare's *de facto* policy and/or custom of providing inadequate medical care to maximize cost savings at the expense of inmates' health and safety. Defendants knew of Plaintiff's serious medical need and disregarded it by failing to provide available treatment and administer medication, instead allowing it to unnecessarily develop into a much more serious condition. As a result, Plaintiff suffered permanent damage to his vision in both eyes, pain and suffering, and additional damages to be proven at trial.

2.  This action is also brought to seek redress for the tort of medical-malpractice.

## II.  JURISDICTION

3.  This Court has original subject matter jurisdiction over Plaintiff's civil rights claims under 42 U.S.C. § 1983, pursuant 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1343 (civil rights).

4.  This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they arise under Washington state law, and are so related to the claims arising under federal law that they form part of the same case or controversy.

**FIRST AMENDED COMPLAINT** - 2

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

### III. VENUE

5.  Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13), and 28 U.S.C. §1391(b) because Plaintiff resides in Onalaska, Lewis County, Washington; the facts giving rise to the circumstances herein occurred in the Western District of Washington; and one or more of the Defendants resides in or has its principal place of business in Pierce County, Washington.

6.  This Court has personal jurisdiction over the named Defendants because they either reside in this judicial district and/or because they do systematic and continuous business in this judicial district.

### IV. PARTIES

7.  Plaintiff JEFFREY S. MARTIN is a Washington State resident and currently resides in Lewis County, Washington. Plaintiff was convicted of multiple misdemeanor crimes and, at times relevant hereto, was confined pursuant to his sentencing at the Pierce County Detention Center (hereafter "PCDC"), Pierce County, Washington, under the jurisdiction of the State of Washington.  While at PCDC, Mr. Martin's civil rights were violated when the Defendants were deliberately indifferent to his serious medical needs and safety.

8.  Defendant PIERCE COUNTY is a governmental entity and political subdivision of the State of Washington.  Defendant Pierce County operates the PCDC.  The PCDC is a jail that houses both pre-trial detainees and convicted prisoners (hereafter collectively "Detainees"). All Detainees confined at the PCDC are entitled to constitutional protections under either the Eighth or Fourteenth Amendment to the United States

**FIRST AMENDED COMPLAINT** - 3

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

Constitution, including, but not limited to, constitutionally-adequate medical care and humane conditions of confinement.  As operator of the PCDC, Pierce County has a constitutional duty to provide such adequate medical care to Detainees, a duty which Pierce County breached with regard to Plaintiff.

9.  On information and belief, the PCDC employs defendants DOE CORRECTION OFFICERS 1 THROUGH 10, all of whom are individuals residing in the State of Washington.  At the time of the claims alleged in the complaint arose, Doe Correction Officers we're acting under color of state law as correctional officers and within the scope of their duties of employment with the PCDC; and were directly responsible for the proper housing, safe confinement, and medical care of Detainees under their responsibility at the PCDC. As a result of Pierce County and Naphcare's *de facto* policy of providing inadequate medical care to maximize cost savings at the expense of inmates' health and safety, Doe Correction Officers 1 through 10 were deliberately indifferent to Plaintiff's serious medical needs resulting in serious injury and damages to Plaintiff.

10. Defendant NAPHCARE, INC. (hereafter "NaphCare") is a private health care company that contracted with Pierce County to provide medical services to Detainees at the PCDC. NaphCare employs doctors, nurses, and other medical professionals to provide care to Detainees pursuant to its contract with Pierce County; establishes related policies either formally or by custom and practice; and was responsible for the employment, training, supervision and conduct of persons responsible for the inadequate medical care of Plaintiff as described herein.   NaphCare is an Alabama corporation qualified to do business in Washington.  Its registered agent for service of process is Ken Schneider,

**FIRST AMENDED COMPLAINT** - 4

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

2015 33rd St., Everett, WA 98201.  NaphCare is considered a "person" under 42 U.S.C. § 1983 and is subject to liability for punitive damages and all other damages to which an individual would be subject when acting under color of state law.

11. Upon contracting with Pierce County to provide medical and/or other services to Detainees, NaphCare assumed a public function, began acting under color of state law, and became legally responsible to comply with all requirements of the United States Constitution.  NaphCare practices a *de facto* policy of displaying deliberate indifference to Detainees' safety and serious medical needs by delaying, denying, and interfering with Detainees' medical treatment in an effort to reduce costs, and that policy and custom was the driving force behind NaphCare employee's inadequate care of Plaintiff's serious medical needs

12. Defendant MIGUEL BALDERRAMA, M.D is an individual residing in the State of Washington.  At all material times, Dr. Balderrama was licensed in Washington State to provide health care; was an agent, employee and/or subcontractor of Pierce County and/or NaphCare.  Dr. Balderrama had overall responsibility and authority for establishing, monitoring, and evaluating standards of clinical care and practice at the Jail, and monitoring staff performance to assure compliance with practice standards. At all material times, Dr. Balderrama was acting under color of state law.  Defendant Balderrama was responsible for providing medical care to Plaintiff during his detention. The actions and omissions alleged in this complaint were carried out by Dr. Balderrama and/or carried out with his knowledge, information, consent or approval, fell below the standard of care for his practice area and were in violation of his obligations under the

FIRST AMENDED COMPLAINT - 5

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

Eighth Amendment to the United States Constitution.  The actions and omissions carried out by Dr. Balderrama were the result of Pierce County and Naphcare's *de facto* policy of providing inadequate medical care to maximize cost savings at the expense of inmates' health and safety,

13. Defendant JANEL FRENCH LPN is an individual residing in the State of Washington. At all material times, Ms. French was licensed in Washington State to provide health care; was an agent, employee and/or subcontractor of NaphCare; and was responsible for providing medical care to Plaintiff during his detention.  At all material times, Ms. French was acting under color of state law.  The actions and omissions alleged in this complaint were carried out by Ms. French and/or carried out with her knowledge, information, consent or approval, fell below the standard of care for her practice area, and were in violation of her obligations under the Eighth Amendment to the United States Constitution.  The actions and omissions carried out by Ms. French were the result of Pierce County and Naphcare's *de facto* policy of providing inadequate medical care to maximize cost savings at the expense of inmates' health and safety.

14. Defendant IRINA HUGHES, RN is an individual residing in the State of Washington. At all material times, Ms. Hughes was licensed in Washington State to provide health care; was an agent, employee and/or subcontractor of NaphCare; and was responsible for providing medical care to Plaintiff during his detention.  At all material times, Ms. Hughes was acting under color of state law. The actions and omissions alleged in this complaint were carried out by Ms. Hughes and/or carried out with her knowledge, information, consent or approval fell below the standard of care for her practice area, and

**FIRST AMENDED COMPLAINT - 6**

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

were in violation of her obligations under the Eighth Amendment to the United States Constitution. The actions and omissions carried out by Ms. Hughes were the result of Pierce County and Naphcare's *de facto* policy of providing inadequate medical care to maximize cost savings at the expense of inmates' health and safety.

15. Defendants NAPHCARE DOE EMPLOYEES 1 through 10 are individuals residing in the State of Washington.  At all material times, Naphcare Doe Employees 1 through 10 were licensed in Washington State to provide health care; were agents, employees and/or subcontractors of NaphCare; were responsible for providing medical care to Plaintiff during his detention, and were acting under color of state law. The actions and omissions alleged in this complaint were carried out by Naphcare Doe Employees 1 through 10 and/or carried out with their knowledge, information, consent or approval fell below the standard of care in their respective practice areas and were in violation of their obligations under the Eighth Amendment to the United States Constitution. The actions and omissions carried out by Naphcare Doe Employees 1 through 10 were the result of Pierce County and Naphcare's *de facto* policy of providing inadequate medical care to maximize cost savings at the expense of inmates' health and safety.

16. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants Naphcare Doe Employees 1 through 10 and Doe Corrections Officers 1 through 10 are currently unknown to Plaintiff who, therefore sues said Defendants by such fictitious names.  Each Defendant designated herein as a DOE is legally responsible in some manner for the events herein complained of, and proximately caused injuries and damages thereby to the Plaintiff. Plaintiff will ask leave of the Court to amend this

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further ask leave to join said Defendants in these proceedings.

17. The acts and omissions of all Defendants, as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and procedures of Pierce County, the PCDC and/or NaphCare.

## V.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Plaintiff submitted multiple grievances about his inadequate medical treatment in the Pierce County Detention Center while he was still in jail pursuant to 42 U.S. Code § 1997e.

19. On information and belief, no investigation was ever conducted, and Defendant Pierce County deliberately ignored Plaintiff's second grievance, demonstrating a County policy of deliberate indifference, and of encouraging deliberate indifference among its employees by failing to investigate, discipline, or retrain employees who are found to have been deliberately indifferent.

## VI. SUMMARY OF FACTS

20. Between September 15, 1991 and March 24, 1992, Jeffrey Martin was charged with several misdemeanor crimes in Pierce County District Court, including two DUI's and one Assault 4. Mr. Martin received a suspended sentence on the first DUI charge, entered a deferred prosecution on the second DUI charge, and entered a deferred prosecution on the other DUI charge, and entered a deferred sentence on the Assault 4 charge.  In 2013, Mr. Martin failed to appear at probation violation hearings and bench warrants were issued in all three cases.  On January 26, 2017, Mr. Martin was arrested in Pierce County

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

Washington for DUI, Operating A Vehicle Without Ignition Interlock, and Driving with License Suspended, and booked into the PCDC on the outstanding bench warrants.

21. At the time Mr. Martin entered the PCDC, he weighed 220 pounds, his vision was better than 20/20, and he had no history of eye ailments.

22. On March 21 2017, Mr. Martin pleaded guilty and was sentenced on the 2017 charges. In addition, the court revoked his deferred sentence, deferred prosecution, and a significant portion of his suspended DUI sentence, and he was remanded to the PCDC with a release date of May 20, 2018.

23. In May 2017 Mr. Martin began experiencing severe pain, dryness, and itchiness in both eyes.  On May 19, 2017, he alerted Defendants of his condition and requested medical attention.  Defendants waited several days to examine Mr. Martin's eyes and made him wait several more days before they provided him with over the counter eye drops.

24.   In early June 2017, Mr. Martin symptoms grew to include blurred vision and intense migraines.  As his symptoms grew more severe and painful, he sought medical care from Defendants with greater urgency and frequency but Defendants typically waited days before responding to his requests for medical attention.

25. On June 3, 2017, Plaintiff complained that his eyes itched and burned so badly he could not sleep more than a few hours per night and requested melatonin.  Jail medical staff refused his request.

26. In early July 2017, Mr. Martin was finally examined by the sole MD on staff, Defendant Dr. Miguel Balderrama, who diagnosed erythema in both eyes, prescribed an anti-inflammatory for pain, and scheduled a consultation with an outside ophthalmologist for

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

July 21, 2017.  Jail medical staff failed to provide the eye drops and anti-inflammatories to Mr. Martin for approximately one week, despite being on notice he was experiencing severe pain, blurred vision in both eyes, insomnia, and Defendant Balderrama finding his condition serious enough to schedule Mr. Martin to be transported to an outside ophthalmologist.

27. On information and belief, Defendants Janelle French LPN, Irena Huges NP, and Naphcare Doe employees, worked full time and had regular shifts at the PCDC throughout 2017 and 2018.  During this period, Defendants French and Huges and were responsible for insuring Dr. Balderrama's healthcare instructions were followed, including ordering and administering Mr. Martin's medications, but regularly failed to do so.

28. On July 21, 2017, Mr. Martin was transported to Cascade Eye and Skin and examined by ophthalmologist Dr. Steven Brady, who diagnosed micro-cists on both eyes and severe ocular hypertension in both eyes.  Dr. Brady administered medication significantly reducing Mr. Martin's dangerously high eye pressure levels, prescribed medications to further reduce the ocular hypertension.  Due to the seriousness of Mr. Martin's medical condition, Dr. Brady's staff provided samples of the medications to the PCDC transport officers to bring back to jail medical staff to immediately begin administering to Mr. Martin as directed.

29. On information and belief, Defendants Balderamma, Hughes, French, and NaphCare Does took custody and control of the sample medication upon Plaintiff's return but immediately lost the samples.

FIRST AMENDED COMPLAINT - 10

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

30. Defendant Hughes reviewed the consult records that day, thus Defendants were on notice of Mr. Martin's serious medical condition; the need to immediately begin administering the medications as directed by Dr. Brady to avoid permanent damage to Mr. Martin's eyes; and that Dr. Brady ordered Mr. Martin to return in one week for a follow up appointment to check the progress of his severe ocular hypertension, adjust medications if necessary, and perform a full eye exam.

31. Beginning July 22, 2017, Mr. Martin repeatedly complained to Defendants he was not receiving his medications, that he needed them 2 and 3 times a day to relieve eye pressure, that samples had been provided, and that without the medications "severe" and "irreversible" damage would occur. Mr. Martin also advised Defendants the pressure in his eyes was causing extreme pain and "vision issues."

32. Defendants Balderamma, Hughes, and French inexplicably waited until July 27, 2017 to begin administering the medications prescribed by Dr. Brady, a full six days later than directed by Dr. Brady, despite being provided samples on July 21, 2017.

33. On August 18, 2017, Plaintiff filed a grievance with Defendants advising he was suffering excruciating pain, severe migraines caused by ocular hypertension, and he was overdue for the follow up appointment that Dr. Brady had indicated was imperative to monitor medication.

34. On August 22, 2017, Mr. Martin was finally transported back to Cascade Eye and Skin. On information or belief, Defendants delayed scheduling this appointment based on consideration of financial constraints, not based on medical judgment.

BOYLE MARTIN THOENY, PLLC
100 West Harrison St, South Tower Suite 420
Seattle, Washington 98119
Telephone: 206.753.0152
Facsimile: 206.260.8980

35. At that appointment, Dr. Brady determined that due to the long delay in the follow up appointment, Mr. Martin needed immediate surgery in both eyes to install Ahmed Tubes to relieve the dangerously high eye pressure.  Defendants reviewed the appointment records that day and were then on notice a delay in surgery could cause irreparable damage to his eyes.  Yet, Defendants Balderamma, Hughes and French continued to show deliberate indifference to Mr. Martin's right to adequate medical care by repeatedly depriving him of his eye medications while he awaited surgery, and making him wait nearly one month before undergoing the first of the two surgeries.

36. On September 13, 2017, Dr. Balderamma responded to Mr. Martin's August 18, 2017 grievance, and in an apparent effort to cover up his and his staff's role in the progression of Mr. Martin's medical condition, falsely claimed he had a "history of glaucoma that has failed medical management."  Further stating "[g]laucoma is a chronic medical condition that deteriorates in months and years and not in weeks. The decision to do surgery to control this condition was based on the initial findings that the ophthalmologist discovered on the physical exam."

37. On September 14, 2017, Mr. Martin underwent surgery to install an Ahmed Tube in his right eye to relieve pressure.   On September 21, 2017, Mr. Martin underwent surgery to install an Ahmed Tube in his left eye.  Dr. Brady prescribed post-operative medication to give the support necessary for Mr. Martin's eyes to adjust to the recently installed Ahmed Tubes and recover from surgery.  Again, Defendants were provided with post-operative instructions and again given medication samples so no delay would occur in

FIRST AMENDED COMPLAINT - 12

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

administering the medications to Mr. Martin.  Following the September 21, 2017 surgery, Defendants failed to administer medication to Mr. Martin for five days.

38. By the time he was brought back to Cascade Eye on September 26, 2017, and examined by Michael W. Rausch, MD, Mr. Martin had lost all vision in his right eye because it had hemorrhaged and completely collapsed, with an intraocular pressure of 0.  The pressure in Mr. Martin's left eye had also severely dropped with an intraocular pressure of 6. Dr. Rausch concluded the hemorrhage and collapse of Plaintiff's right eye and the other post-operation complications resulted from Mr. Martin being deprived of his medication after the surgery. Dr. Rausch ordered prednisolone acetate be administered to Mr. Martin's left eye every hour for 24 hours in an attempt to increase eye pressure, however Mr. Martin's left remained in the deflated state for weeks.

39. Mr. Martin was provided an eye patch and instructed to avoid bending over to prevent his right eye from falling out of the socket.

40. After the surgeries, Mr. Martin continued to suffer extreme pain and severe migraines and was never provided adequate pain management by Defendants despite his clear need and continuous requests. Mr. Martin was also regularly deprived of the over the counter pain relievers approved by Defendants.

41. Pierce County and NaphCare had a policy of dispensing medications three times a day by by calling role call and expecting inmates to immediately line up to receive their medications.  On information and belief, it was jail staff's de facto policy and custom to deny inmates their medication if they did not line up quickly enough and note the inmate refused medication or was not in line.  On information and belief, this de facto policy was

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

in place in an effort to reduce costs, and had an especially negative impact on inmates with mobility or mental health issues.

42. Mr. Martin's symptoms continued to worsen, and by mid-October 2017 he began experiencing triple vision in and was unable to focus his left eye; the vision in his right eye was limited to seeing cloudy white with blurry outlines; and he suffered constant pain and throbbing in both eyes.   In addition, his headaches became so severe they prevented him from sleeping. By November 2017, Mr. Martin had no vision in his right eye, could only see a reddish yellow color, and the eye was extremely painful and sensitive.

43. Defendants Balderamma, French, Hughes, and Doe NaphCare Employees continued to refuse to administer Mr. Martin's multiple eye-drop prescriptions per Dr. Brady's instructions.  Rather than administer each medication one minute apart to allow absorption into the eyes, Defendants chose to administer medications one after another, presumably for their convenience.

44. On November 14 2017, suspecting Mr. Martin needed a cornea transplant, Dr. Brady instructed Defendants to facilitate a consult with a cornea specialist at Pacific Northwest Eye Associates within 2 weeks time.  Defendants failed to schedule the appointment.

45. On November 21 2017, Dr. Brady again instructed Defendants to facilitate a consult with a cornea specialist at Pacific Northwest Eye Associates and Defendants again failed to schedule the appointment.  Dr. Brady also wrote an eyeglass prescription to help Mr. Martin focus his left eye and stop seeing triple.

46. Dr. Brady continued to instruct Defendants to facilitate a consult with a cornea specialist, ordering the consult again on December 13, 2017; February 9, 2018; and February 20,

FIRST AMENDED COMPLAINT - 14

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

2018.  Defendants repeatedly failed to schedule the appointment and never scheduled a consult Pacific Northwest Eye Associates.

47. On December 28, 2017, Plaintiff finally received his prescription glasses but Defendants had incorrectly filled the prescription in the left lens, leaving Mr. Martin still experiencing triple vision, with frames that were too large to fit on his head.  When Mr. Martin raised the issues, Defendants denied providing the wrong prescription and advised Mr. Martin his eyes would adjust to the glasses if he wore them regularly. However, Dr. Brady later informed Mr. Martin the glasses' prescription must have been incorrect because a correct prescription would have eliminated his triple vision, and using glasses with the wrong prescription could further damage his eyes.

48. On February 9, 2018, Dr. Brady diagnosed a corneal edema in Mr. Martin's the right eye and prescribed Acetazolamide, a diuretic, to help address the issue.  He advised Defendants that because of the diuretic, Plaintiff would need a protein heavy and electrolyte balanced diet to prevent drastic weight loss, and that he should have access to protein drinks and beverages containing electrolytes.  Defendants refused to comply with Dr. Brady's instructions, and as a result, Plaintiff lost 25-30 pounds in approximately two weeks and was unable to regain the weight until after his release from PCDC.

49. On February 20, 2018, in response to Defendants' seeming inability to administer Plaintiff's medications as directed, Dr. Brady "strongly recommend[ed]' Mr. Martin be allowed to keep his medications on his person because strict compliance with the medication regimen was absolutely pertinent to long term treatment success.  Dr. Brady went on to repeat the instructions on February 20, March 23, and April 20, 2018.

FIRST AMENDED COMPLAINT - 15

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

50. On February 24, 2018, Plaintiff filed a third grievance complaining of his drastic weight loss and advised he was not receiving the protein heavy and electrolyte balanced diet as directed by Dr. Brady.  On March 16, 018, jail staff denied having control over the food he received and refused to follow Dr. Brady's instructions.

51. On March 21, 2018, Mr. Martin was finally transported to a cornea specialist, Dr. Walter Rotkis at Ophthalmic Consultants Northwest. Dr. Rotkis confirmed the glasses provided by Defendants were an incorrect prescription and advised Mr. Martin he needed a cornea transplant in his right eye.  Defendants never scheduled the surgery.

52. On information or belief, Defendants delays in scheduling the consult with Dr. Rotkis and refusal to schedule surgery were based on consideration of financial constraints, not based on medical judgment.

53. Defendants continued to provide inadequate medical care until Mr. Martin was released from the PCDC in June 2018. After his release, Mr. Martin underwent multiple eye surgeries including a failed partial cornea transplant, a full cornea transplant, and a second partial cornea transplant.

54. The rapid deflation of Mr. Martin's right eye, resulting from Defendants' inadequate medical care, destroyed his cataract lens, leaving him only able to make out shadows and with severely damaged peripheral vision in that eye.  The deflation of Mr. Martin's left eye permanently destroyed his peripheral vision, left it extremely sensitive to light, and with no depth perception.

55. Just prior to his detainment, Plaintiff worked as an assistant engineer on a commercial fishing boat, and was previously a construction foreman.  Plaintiff has been effectively

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

blinded and can no longer work as an assistant engineer or a construction foreman, as a consequence of his injuries resulting from Defendants' wrongful conduct.

## VII.   CAUSES OF ACTION

### A.  Denial Of Medical Care (42 U.S.C. § 1983) Against All Defendants

56. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

57. At all times relevant to the allegations in this Complaint, defendants Pierce County, Pierce County Does 1-10, Naphcare, Naphcare Does 1-10, Balderamma, Hughes, and French, acted under color of state law and in the performance of their official duties.

58. The Eighth Amendment to the U.S. Constitution provides post-conviction detainees the right to receive treatment for serious medical needs.  Mr. Martin faced a substantial risk of serious harm due to ocular hypertension, a serious medical need.

59. Defendants Balderamma, Hughes, and French, had actual knowledge of Mr. Martin's dangerously high eye pressure levels and need for treatment on July 21, 2017, but demonstrated a reckless and deliberate indifference to his serious medical condition by failing to take reasonable measures to provide adequate treatment resulting in excessive risk to the Mr. Martin's vision.

60. Defendants Balderamma, Hughes, and French were recklessly and deliberately indifferent to Mr. Martin's serious medical needs when they failed to adequately follow the treatment plan that was prescribed by Dr. Brady and Dr. Rotkis.  Specifically, they failed to properly administer medications, timely schedule appointments with outside medical providers, supplement Plaintiff's diet to avoid drastic weight loss, provide eyeglasses with the proper lens prescription, and timely schedule necessary surgeries.

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

61. Dr. Balderamma was recklessly and deliberately indifferent to Plaintiff's serious medical need when he delayed scheduling a cornea specialist consult and then refused to schedule a cornea transplant surgery after being notified Mr. Martin needed it.

62. On information and belief, Defendants Pierce County and NaphCare had a custom, practice, and/or de facto policy of denying, delaying and interfering with detainees' ongoing medical treatment, prioritizing the saving of money over the diagnosis and treatment of detainees. This de facto policy was evident in NaphCare's practices such as providing inmates the least amount of medical care possible, delaying care as long as possible, delaying and denying the scheduling appointments with outside healthcare providers, failing to timely administer medications, failing to timely order medications and refill prescriptions, and delaying or denying needed surgeries.

63. On information and belief, defendants Pierce County and Naphcare Does, Balderamma, Hughes, and French were following the de facto policy when they provided Mr. Martin the least efficacious medical care for the purpose of saving money, showing reckless and deliberate indifference to his serious medical needs. In particular, Defendants Balderamma, Hughes and French regularly failed to timely order Mr. Martin's medications, failed to properly administer the medications, failed to administer the medications at all, failed to Mr. Martin's doctors' order and instructions, including those relating to diet resulting in Mr. Martin's drastic weight loss. In addition defendant Balderamma delayed and denied scheduling necessary appointments with outside healthcare providers, delayed and denied needed surgeries inmates. As a direct result of Pierce County and Naphcare's custom and policy, and the reckless and deliberate

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

indifference of all Defendants, Mr. Martin suffered physical pain and permanent vision loss.

64. Defendants' continued denial of medical care exacerbated Plaintiff's medical condition and caused Plaintiff increased trauma, mental and emotional distress, and increased pain and suffering.

65. Defendants' reckless and deliberate indifference to Plaintiff's serious medical need caused him to suffer permanent loss of vision in both eyes requiring multiple and future surgeries, pain and suffering, and permanent damage to his health, well-being, and ability to earn an income.

66. In committing the acts complained of above, Defendants violated Mr. Martin's rights under the Eighth Amendment to the United States Constitution and are subject to liability under 42 U.S.C. § 1983.

67. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff suffered damages and is entitled to compensation for loss of enjoyment of life, mental, physical and emotional pain and suffering, and other related costs and which with reasonable probability will be experienced in the future, including but not limited to attorneys' fees and costs and pre- and post-judgment interest.

68. As a result of their conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

69. The wrongful acts perpetrated by Defendants in depriving Plaintiff of adequate medical treatment were willful, oppressive, malicious, and with wanton disregard for the

BOYLE MARTIN THOENY, PLLC
100 West Harrison St, South Tower Suite 420
Seattle, Washington 98119
Telephone: 206.753.0152
Facsimile: 206.260.8980

established rights of Plaintiff, thereby justifying the award of punitive damages in an amount to be determined at trial.

**B.  Medical Malpractice (RCW 7.70) Against Defendants Balderrama, French, Hughes, Naphcare, And Naphcare Doe Employees 1-10**

70. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

71. At all times relevant herein, Defendants Balderrama, French, Hughes, and Naphcare Doe Employees 1-10, were acting in the course and scope of their employment at Naphcare and or Pierce County when they committed their acts of professional negligence.

72. At all times relevant herein, Defendant Naphcare was an entity, employing one or more health care professionals and liable for its employees' negligent acts if committed during the course and scope of their employment under RCW 4.16.350.

73. As health care providers, defendants Balderrama, French, Hughes, Naphcare, and Naphcare Doe Employees 1-10 ("Medical Negligence Defendants") had a duty to exercise the degree of skill, care, and learning expected of a reasonably prudent medical professional in Washington from 2017-2018 acting under similar circumstances.

74. Defendant Janel French LPN, Defendant Irina Hughes RN, and Naphcare Doe defendants failed to exercise the degree of care, skill, and learning expected of a reasonably prudent health care provider in the profession or the class to which they or belonged, acting under similar circumstances in 2017-2018 by, among other things, regularly failing to: 1) adequately follow the treatment plan prescribed by Dr. Brady and Dr. Rotkis, 2) provide Plaintiff his eye medications, 3) administer medications as directed, 4) timely refill prescriptions when needed, 5) ensure Plaintiff received supplemental nutrition to avoid

FIRST AMENDED COMPLAINT - 20

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

drastic weight loss failed to properly per doctor's order,  6) allow Plaintiff to keep medications on his person per doctor's instructions, and 7) regularly delaying and denying healthcare to Plaintiff.  Such failures were a proximate cause of Plaintiff's injuries.

75. Defendant Miguel Balderrama, M.D. failed to exercise the degree of care, skill, and learning expected of a reasonably prudent licensed medical doctor in 2017-2018, acting under similar circumstances, by among other things regularly failing to: 1) adequately follow the treatment plan that was prescribed by specialists Dr. Brady and Dr. Rotkis, 2) ensure Plaintiff received his eye medications, 3) administer medications as directed, 4) timely refill prescriptions when needed, 5) ensure Plaintiff received supplemental nutrition to avoid drastic weight loss failed to properly per doctor's order, and 6) allow Plaintiff to keep medications on his person per doctor's instructions, and 7) regularly delaying and denying healthcare to Plaintiff.  In addition, Dr. Balderrama regularly delayed scheduling appointments with outside healthcare providers, delayed scheduling and refused to schedule needed surgeries, failed to provide Mr. Martin with eyeglasses with the proper prescriptions as directed by Mr. Martin's doctors, and failed to adequately   monitoring staff performance to assure compliance with practice standards. Such failures were a proximate cause of Mr. Martin's injuries.

76. Medical Negligence Defendants' denial of Plaintiff's medical care exacerbated his medical condition and caused him increased trauma, mental and emotional distress, and increased pain and suffering.

77. As a result of the allegations contained in this complaint, all Defendants are subject to liability under RCW 7.70 for failing to exercise the degree of care, skill, and learning

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

expected of a reasonably prudent health care provider in the profession or class to which they belonged, in the state of Washington, acting in the same or similar circumstances.

78. As a direct and proximate result of the unlawful conduct of Defendants, Plaintiff suffered damages and is entitled to compensation for loss of enjoyment of life, mental, physical and emotional pain and suffering, and other related costs and which with reasonable probability will be experienced in the future.

## VIII.   JURY DEMAND

79. Plaintiff hereby demand a trial by jury.

## IX. PRAYER FOR RELIEF

Damages have been suffered by Plaintiff and to the extent any state law limitations on such damages are purported to exist, they are inconsistent with the compensatory, remedial and/or punitive purposes of 42 U.S.C. § 1983, and therefore any such alleged state law limitations must be disregarded in favor of permitting an award of the damages prayed for therein. WHEREFORE, the Plaintiff prays that the Court award against Defendants:

A.  All available compensatory damages, including, but not limited to, all available damages for pain and suffering, physical, mental and emotional, loss of enjoyment of life, and all other non-economic and economic damages available under federal law;

B.  Punitive damages in an amount deemed appropriate to punish Defendants for their wrongful and egregious conduct;

C.  Attorneys' fees and costs;

D.  Pre-judgment interest and post-judgment interest as appropriate; and

E.  Any such other relief that this Court deems just and equitable.

FIRST AMENDED COMPLAINT - 22

BOYLE MARTIN THOENY, PLLC
100 WEST HARRISON ST, SOUTH TOWER SUITE 420
SEATTLE, WASHINGTON 98119
TELEPHONE: 206.753.0152
FACSIMILE: 206.260.8980

1

2          DATED this 17th day of December, 2020.

3

4          BOYLE MARTIN THOENY, PLLC

5

6           /s Bardi D. Martin
           Bardi Martin, WSBA # 39077
7          100 West Harrison Street
           South Tower Suite 300
8          Seattle, WA 98119
           Tel: 206-217-9400
9          Email: Bardi@boylemartin.com
           Attorney for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT - 23