UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY S. MARTIN,<br><br>        Plaintiff,<br><br>  v.<br><br>PIERCE COUNTY, et al.,<br><br>        Defendants. | CASE NO. C20-5709 BHS<br><br>ORDER GRANTING IN PART AND DENYING IN PART AS MOOT DEFENDANTS' AMENDED MOTION TO DISMISS |

This matter comes before the Court on Defendants NaphCare, Inc., Irina Hughes, NP, and Janel French, LPN's motion to dismiss. Dkt. 17. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part as moot for the reasons stated herein.

**I.  PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiff Jeffery Martin alleges that he was denied adequate medical care while detained at the Pierce County Detention and Corrections Center, resulting in severe damage to his eyesight leaving him "effectively blinded." Dkt. 19. He asserts a 42 U.S.C. § 1983 claim for violation of his Eighth Amendment rights and a state law medical

1 | malpractice claim. *Id.* He filed this suit on July 20, 2020. Dkt. 1. On November 30, 2020,
2 | Defendants moved to dismiss. Dkt. 17. On December 17, 2020, Martin filed an amended
3 | complaint. Dkt. 19. On January 4, 2021, Martin responded to the motion to dismiss. Dkt.
4 | 23. On January 8, 2021, Defendants replied. Dkt. 25.

## II.  DISCUSSION

Defendants' motion argues that Martin failed to state a claim for violation of his Eight Amendment rights, failed to state a claim for medical malpractice liability, and failed to comply with state medical malpractice claim filing requirements. Dkt. 17 at 2. Defendants concede that Martin's amended complaint moots their motion as to his Eighth Amendment claims. Defendants' motion to dismiss is therefore denied as moot as to Martin's Eighth Amendment claim. However, Defendants argue that the medical malpractice claims still must be dismissed for failure to comply with RCW 7.70A.020. Dkt. 25 at 8.

RCW 7.70A.020(2) provides that "[a] party [in a medical malpractice action] that does not initially elect to submit a dispute to arbitration under this chapter must file a declaration with the court . . . ." "In the case of a claimant, the declaration must be filed at the time of commencing the action and must state that the attorney representing the claimant presented the claimant with a copy of the provisions of this chapter before commencing the action and the that the claimant elected not to submit the dispute to arbitration under this chapter." RCW 7.70A.020(2)(a). Defendants argue that failure to comply with RCW 7.70A.020 requires dismissal. Martin does not contest that the

statutory language would require dismissal but argues the requirement violates the Washington State Constitution and should not be enforced.

The Washington Supreme Court has previously found two similar medical malpractice pre-suit filing requirements unconstitutional. In *Putman v. Wenatchee Valley Medical Center, P.S.*, 166 Wn.2d 974 (2009), the Washington Supreme Court considered RCW 7.70.150's requirement that medical malpractice plaintiffs file a certificate of merit from a medical expert. It held that the law was unconstitutional because it unduly burdened the right of access to the courts and violated the separation of powers. *Id*. at 977–78. It reasoned that, under the Washington State Constitution's separation of powers doctrine, "[s]ome fundamental functions are within the inherent power of the judicial branch, including the power to promulgate rules for its practice" and found that the certificate of merit requirement conflicted with Washington Superior Court Civil Rule ("CR") 11, providing that attorneys do not have to verify pleadings, and CR 8, which requires only notice pleading. *Id*. at 980, 983. It concluded that because the requirement could not be harmonized with court rules and involved procedural matters, the court rules prevailed. *Id*. at 984–85.

In *Waples v. Yi*, 169 Wn.2d 152 (2010) (en banc), the Washington Supreme Court considered the former RCW 7.70.100(1) (2006)'s requirement that medical malpractice plaintiffs give health care providers 90 days' notice of their intention to file suit. It compared CR 3(a)'s instruction that "a civil action is *commenced* by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint" with RCW 7.70.100(1)'s requirement that no action "may be *commenced*

unless the defendant has been given at least ninety days' notice of the intent to commence the action." *Waples*, 169 Wn.2d at 160 (emphasis in original). It reasoned that requiring notice added a step for commencing a suit beyond CR 3(a)'s requirements and failure to provide notice could result in dismissal of a complaint otherwise properly filed and served. *Id*. It construed *Putman* as holding that "the addition of legislative requirements to the court rules for filing suit was unconstitutional." *Id*. It concluded that the notice requirement could not be harmonized with CR 3(a), the notice requirement was procedural, and the court rule thus prevailed. *Id*. at 161.

Following *Putman* and *Waples*, Martin argues that RCW 7.70A.020's requirement that a complaint be accompanied by an affidavit declining arbitration similarly violates the separation of powers and conflicts with CR 8 general pleading requirements and CR 3(a) commencement requirements. Dkt. 23 at 14. Defendants counter that unlike in *Waples*, the arbitration election requirement does not change the definition of "commenced," so it would not conflict with Federal Rule of Civil Procedure 3, providing that "a civil action is commenced by filing a complaint with the court." Dkt. 25 at 6. Martin likely has the better argument that requiring an affidavit to accompany a complaint conflicts with the Washington Superior Court Civil Rules by adding an additional, procedural step beyond those contemplated by CR 3(a), the same problem identified in *Waples*, 169 Wn.2d at 160–61. Dkt. 23 at 15.

1    No court has yet addressed this conflict, and the Court is not aware of authority
2    relying on RCW 7.70A.020 to dismiss a claim.[1] The Court is bound to apply the law as it
3    believes the Washington Supreme Court would under the circumstances. *See Erie R.R.*
4    *Co. v. Tompkins*, 304 U.S. 64, 77–80 (1938). However, the conflict Martin identifies is
5    with state law and the Washington Superior Court Civil Rules and with the separation of
6    powers between the Washington State legislature and judiciary. As Martin filed this suit
7    in federal court and it proceeds under the Federal Rules of Civil Procedure rather than the
8    Washington Superior Court Civil Rules, the conflict among Washington's branches of
9    government is not directly presented.

10   Prior to *Putman*'s holding that the certificate of merit requirement was
11   unconstitutional, a Court in this District found the requirement did not conflict with the
12   Federal Rules and could be enforced in federal court. *Lewis v. The Center for Counseling*
13   *& Health Resources*, No. C08-1086 MJP, 2009 WL 2342459, at *4 (W.D. Wash. Jul. 28,
14   2009). Defendants urge the Court to follow this reasoning.

15   When determining whether to apply state law to a claim, the Court first determines
16   whether the state law directly conflicts with federal law. *Hanna v. Plumer*, 380 U.S. 460,
17   470–74 (1965). *See also* Wright & Miller, 19 *Fed. Prac. & Proc. Juris.* § 4250 (3d ed.)

---

[1] Defendants argue that in *Jackson v. Sacred Heart Med. Ctr.*, 153 Wn. App. 498, 500 (2009), the Court of Appeals reversed a trial court dismissal for failure to comply with both RCW 7.70.100 and RCW 7.70A.020, though only RCW 7.70.100 was at issue on appeal. Dkt. 17 at 9. However, the trial court in fact concluded that failure to comply with RCW 7.70.100 was sufficient so it need not reach failure to comply with RCW 7.70A.020. *Jackson v. Sacred Heart Med. Ctr.*, No. 07-2-04725-00, 2008 WL 8065287 (Wash. Sup. Ct. Jul. 17, 2008)*, rev'd*, 153 Wn. App 498 (2009) (trial court incorrectly applied 2007 version of RCW 7.70.100 rather than 2006 version).

(explaining that though the *Erie* doctrine is typically referenced in diversity cases, it also applies in federal question cases when the source of the right lies in state law). In *Lewis*, the Court explained that though federal courts disagreed on the issue, "significant authority suggests that there is no direct conflict between the federal rules and a state law requiring that a certificate of merit be filed in support of a malpractice complaint." 2009 WL 2342459, at *2. It reasoned that "the federal rules that govern pleading and the certificate of merit statutes are directed towards different purposes and can 'exist side by side' without conflict." *Id*. at *3 (quoting *Chamberlain v. Giampapa*, 210 F.3d 154, 160 (3d Cir. 2000)). Though a certificate of merit had to be filed alongside a complaint, the Court reasoned it was not a pleading requirement because its purpose was to prevent litigation of frivolous medical malpractice actions rather than to provide notice of claims and defenses. *Id*. Proceeding through the *Erie* analysis, it concluded that the certificate of merit requirement should be enforced because it could be outcome-determinative, nonenforcement would result in the forum-shopping *Erie* sought to avoid, and no overriding federal interest required application of federal law. *Id*. at *3–4.

On similar logic, the requirement to file an affidavit declining arbitration in a medical malpractice case does not provide notice of claims or defenses. It would not bear on whether a complaint is considered filed and a suit commenced under Federal Rule of Civil Procedure 3, it could be outcome-determinative, and nonenforcement on the basis of conflict with the Federal Rules could create forum-shopping. And it delineates the bounds of access to relief in the context of a specific, substantive state claim. Thus, both requirements should be enforced under these parameters.

1   Moreover, to avoid an advisory opinion, this question should be decided in a
2 context where the Washington Superior Court Rules are at issue so that the separation of
3 powers issue is properly presented. *See also Cohen v. Beneficial Indus. Loan Corp.*, 337
4 U.S. 541, 547 (1949) (where a state court has made no contrary determination, federal
5 courts should presume state statutes conform with the state constitution). Therefore, the
6 Court declines to decide RCW 7.70A.020 is unenforceable as violating Washington's
7 separation of powers. As Martin failed to comply with a mandatory filing requirement,
8 his medical malpractice claims are thus barred and Defendants' motion is granted as to
9 the malpractice claims.

10   Given the harsh result, the serious injury Martin alleges, the lack of prior authority
11 dismissing claims for failure to comply with RCW 7.70A.020, and the credible analogy
12 Martin draws to the constitutional infirmity identified in *Waples*, the Court seriously
13 considered certifying a question to the Washington Supreme Court. Because it appears
14 that certification would present problems similar to the one the Court identifies here—
15 asking the Washington Supreme Court for an advisory opinion on interplay with the
16 Washington Superior Court Civil Rules not presently at issue, or asking it to consider a
17 conflict with the Federal Rules that the Court concludes is not present—the Court
18 concludes certification is not warranted. However, "[w]hen an action presents more than
19 one claim for relief . . . the court may direct entry of a final judgment as to one or more,
20 but fewer than all, claims or parties only if the court expressly determines there is no just
21 reason for delay." Fed. R. Civ. P. 54(b). Therefore, as the Court concludes that there are
22 substantial grounds for different of opinion on its conclusion and the issue may benefit

from final resolution on appeal, the Court will direct entry of final judgment on Martin's medical malpractice claim.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss, Dkt. 17, is **GRANTED in part** and **DENIED in part as moot** as stated herein. The Clerk shall enter JUDGMENT in favor of Defendants on Martin's medical malpractice claims.

Dated this 4th day of March, 2021.

BENJAMIN H. SETTLE
United States District Judge